UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DERRICK BROWN, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 438 DDN |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Derrick Brown for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 9.) For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I. BACKGROUND**

On June 15, 2009, petitioner Derrick Brown pled guilty in the Circuit Court of the City of St. Louis to one count of robbery in the first degree. (Doc. 10, Ex. A at 22-42.) On September 4, 2009, the circuit court sentenced petitioner as a prior and persistent offender to thirty years imprisonment. (Id. at 43-65.)

On November 4, 2009, petitioner filed in the circuit court a pro se motion for post-conviction relief under Missouri Supreme Court Rule 24.035. (Id. at 70-86.) On March 5, 2010, with the assistance of appointed counsel, petitioner filed an amended motion for post-conviction relief. (Id. at 89-118.) On May 11, 2010, the circuit court denied petitioner's motion. (Id. at 121-25). On April 19, 2011, the Missouri Court of Appeals affirmed the circuit court's denial of the motion. (Id., Ex. D); Brown v. State, 341 S.W.3d 128 (Mo. Ct. App. 2011).

On March 8, 2012, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)

**II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF**

Petitioner alleges four grounds for relief in this habeas action:

(1) His trial counsel rendered constitutionally ineffective assistance by failing to investigate an "alibi"[1] witness.

(2) His trial counsel rendered constitutionally ineffective assistance by misinforming petitioner that he would receive no more than fifteen years imprisonment.

(3) The trial court erred by failing to conduct a proper inquiry regarding pro se representation.

(4) His appellate post-conviction relief counsel rendered constitutionally ineffective assistance by failing to raise every claim raised in petitioner's amended post-conviction relief motion.

(Doc. 1 at 4-5.)

Respondent contends that Grounds 1-3 are without merit and that Ground 4 is not a cognizable ground for habeas relief. Respondent further contends that Ground 1 is procedurally barred.

### III. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As discussed above, petitioner filed a direct appeal, a motion for post-conviction relief, and appealed the denial of his motion for post-conviction relief.

Exhaustion in the sense that petitioner now has no remaining procedure for bringing a claim to the state court does not, however, satisfy the federal statutory requirement. Rather, a petitioner must have fairly presented the substance of each federal ground to the state trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so because he has defaulted on the state's legitimate requirements of the otherwise available procedures, any such ground for federal habeas relief is barred from being considered by

---

[1] Petitioner repeatedly misuses the term "alibi" to refer to the security guard who accompanied the victim when the petitioner's criminal activity occurred. Petitioner does not argue that he was not present when the crime was committed. Therefore, the term "alibi," which connotes a defense that the one charged was somewhere else when the crime was committed, see Garner, Black's Law Dictionary at 72 (7th ed.), when used in petitioner's pleadings, is considered by the court to mean "defense."

the federal courts. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state court collateral attack. See Murray v. Carrier, 477 U.S. 478, 490-92 (1986).

Petitioner raised Grounds 1-3 in his amended post-conviction relief petition. (Doc. 10, Ex. A at 90-93.) However, in his appeal, petitioner raised only Grounds 2 and 3. (Id., Ex. B at 9-10.) Accordingly, Ground 1 is procedurally barred.

However, Congress has authorized federal courts to consider and to dismiss procedurally barred grounds if a court concludes that the grounds are without merit. 28 U.S.C. § 2254(b)(2). The undersigned has considered Ground 1 on its merits.

In Ground 4, petitioner alleges that his appellate post-conviction relief counsel rendered constitutionally ineffective assistance by failing to raise every claim on appeal that petitioner raised in his amended post-conviction relief motion. More specifically, petitioner alleges that this appellate counsel failed to raise on appeal the circuit court's denial of relief on his federal Ground 1. The Constitution does not provide the right to effective assistance of counsel in collateral post-conviction relief proceedings. Oxford v. Delo, 59 F.3d 741, 748 (8th Cir. 1995). Because petitioner's Ground 4 does not allege a violation of federal law, Ground 4 is not a cognizable ground for habeas relief. See 28 U.S.C. § 2254(d).

### IV.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler

v. Haynes, 130 S. Ct. 1171, 1174 (2010) (per curiam) (citation omitted). This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted). A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Thaler, 130 S. Ct. at 1174.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 130 S. Ct. 841, 845 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 130 S. Ct. at 845.

## V. EVIDENTIARY HEARING

Petitioner also requests an evidentiary hearing. (Doc. 1 at 10, 14.) 28 U.S.C. § 2254(e)(2) provides that a court shall not hold an evidentiary hearing on a habeas corpus claim unless a petitioner shows that:

(A) the claim relies on--

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner alleges no claim relying on a new rule of law or a factual predicate that could not have been previously discovered with due diligence. Accordingly, petitioner's request for an evidentiary hearing is denied.

## VI. DISCUSSION

**A. Ground 1**

In Ground 1, petitioner alleges that his trial counsel rendered constitutionally ineffective assistance by failing to investigate a defense witness, the security guard who accompanied the victim during the criminal activity to which petitioner pled guilty.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. Under Strickland, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

Petitioner must prove two elements to prevail on a claim of ineffective assistance of counsel. First, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Id. at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable, and decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. Strickland, 466 U.S. at 690–91. Second, petitioner must demonstrate actual prejudice by counsel's deficient performance. Id. at 687. To show prejudice, petitioner must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Lockhart v. Fretwell, 506 U.S. 364, 370 (1993).

At his guilty plea hearing, prior to entering his guilty plea, petitioner testified under oath that he found his trial counsel's representation satisfactory and that he sufficiently discussed his case with his trial counsel. (Doc. 10, Ex. A at 23-24.) He further testified that he understood the charges against him and the consequences of pleading guilty. (Id. at 24-29.) The prosecution stated that at trial it would prove that petitioner approached the victim and told her that he intended to rob her. (Id. at 29-30.) The prosecution further stated that it would prove that the victim dropped her possessions and that petitioner and his accomplice took them and left. (Id.) Petitioner discussed with the court the flaws he perceived in the case against him, including his contentions that he did not have or intentionally gesture to indicate he had a weapon nor did he speak with the victim. (Id. at 31-34.) The post-conviction relief court denied this ground, stating that petitioner testified that he felt comfortable with his decision to plead guilty. (Id. at 125.)

Petitioner alleges that the witness his trial court counsel did not investigate was the security guard who escorted the victim of the robbery at the time of the crime. (Doc. 1 at

7.) According to petitioner, the security guard would have testified that he did not hear anyone mention robbery, that he did not observe petitioner with a weapon, and that petitioner did not physically take the victim's possessions but that she merely dropped them. (Id.)

The state court record does not indicate what the security guard actually would have been prepared to testify to, if he had been investigated by defense counsel and perhaps deposed. However, the transcript of the guilty plea hearing makes this fact irrelevant, however, because petitioner agreed with the circuit judge under oath that the perception by the victim that petitioner had a weapon was reasonable and petitioner understood that this reasonable perception by the victim was sufficient to convict him of first degree robbery.

The following statements were made during the guilty plea proceeding:

> PROSECUTOR: Your Honor, the State's evidence would show that on March the 27th, of 2008, at approximately 8:56 p.m. in the vicinity of 631 North Seventh Street in the City of St. Louis[,] [the victim], an attorney, was walking from her law office escorted by a security guard to a car. At which time a Blue Honda Sonata pulled up along the curb going the wrong way. Two individuals got out. One out of the passenger seat[.] [T]hat individual was later identified as Kurt Torenz. The other was the defendant, Derrick Brown. He got out of the driver's seat. They approached [the victim]. The defendant told [the victim] it was a robbery and at that time he put his hand under his jacket indicating that he had a weapon. She at that time dropped her Louis Vuitton purse and a Tumi, T-U-M-I briefcase which was picked up by the defendant and the co-defendant. They got back in the vehicle and they left.
>
> The security guard got a description of the vehicle along with a license plate number; he called his dispatcher and that was given to the police. A short time after that, detectives with the crime suppression unit were on patrol looking for the vehicle. They saw the vehicle and they followed it to a gas station, the BP gas station at 3520 Natural Bridge. The defendant was still driving the vehicle. He got out of the car and went into the gas station building, itself, he came out; he was apprehended. On the front passenger floor board of the vehicle was found the purse and the briefcase and the items in it belonging to the victim, which she identified and which were returned to her.
>
> There was a show up done at the scene[.] [The victim] identified both Mr. Torenz and the defendant, Mr. Brown. There was subsequent to that, a line-up done at my request and Mr. Brown and Mr. Torenz were placed in separate line-ups. [The victim] viewed them both and identified both Mr. Brown and Mr. Torenz in the line-up. She specifically identified Mr. Brown as the man who spoke to her and told her it was a hold-up, a robbery and by putting his hand at his waistband indicated that he had a weapon.

BY THE COURT: Mr. Brown, do have any disagreement with the facts?

[PETITIONER]: The only disagreement that I have is that I never went inside the gas station. I got stopped before I got into the gas station. I never had my hand at my waistband.

[BY THE COURT]: Meaning while the crime was being committed, you're denying gesturing as if you had a gun?

A: Yes, I never had my hand in my waistband as the prosecutor said.

Q. Did you lead her to believe that you had a gun by some sort of gesture into your shirt or your pants--

A: No. I was told by my attorney, Mr. Lewis, that the victim, she said that I had my hand under my jacket, and I looked down that gave her the indication that I possibly had a weapon.

Q: Did you put your hand in your jacket?

A: When I got out of my vehicle I had my hand on my side. I had my cell phone. I hit the door so I made sure I still had my cell phone on my side that was only at the time I was exiting the vehicle. **I'm assuming that's the time that she figured that I had my hand up under my jacket at the time so therefore--**

Q. **She made a reasonable conclusion that you were reaching for a gun.**

A. **Right. They said when I looked down.**

\* \* \*

Q. What made her think it was a robbery?

A. Me, personally, I can assume that when the security guard grabbed her and placed her behind him to put her between me and them. That alone scared her as to subjects approaching them at night at 9 o'clock at night. I can speculate that I can't say for sure this is what she was thinking.

Q. I'm really asking bottom line, Mr. Brown, are you admitting any guilt to the charge of robbery in the first degree?

A. Yes, I am. I am admitting guilt to robbery in the first degree, yes, I am, your Honor.

Q. Because robbery in the first degree involves a weapon or leading the victim to believe there was a weapon.

THE COURT: Is that a fair statement Mr. [Prosecutor]?

> [PROSECUTOR]: Yes, your Honor. The case law says that if the defendant does anything that indicates that possibly he's armed, it is not necessary that he show a weapon or display one. If the victim is of the opinion that he had one and there is some indication which she believed there was by his actions, that's sufficient for robbery first degree. That's why I pled it the way I did.
>
> * * *
>
> [THE COURT:] So are you agreeing by your gesture it was reasonable for her to assume you had a weapon?
>
> [PETITIONER:] Yeah, that's what I said. They could have said, I can't speculate, that could have been.
>
> Q. And did you intend on robbing her?
>
> A. **I was intending on taking some belongings from her, yes I did.**
>
> Q. Okay. And so you are admitting guilt to robbery in the first degree, a Class A felony?
>
> A. Yes, I am.

(Doc. 10, Ex. A at 27-34)(bold emphasis added).

This record clearly establishes that petitioner would have pled guilty even if the security guard had been interviewed and agreed with petitioner's rendition of the facts.

Considering that petitioner found his trial counsel satisfactory, discussed the case with his trial counsel, understood the case against him, and understood the consequences of his guilty plea, the court concludes that the state circuit court in the collateral post-conviction relief proceeding reasonably applied federal law.

Accordingly, Ground 1 is without merit.

**B. Ground 2**

In Ground 2, petitioner alleges that his trial counsel rendered constitutionally ineffective assistance by misinforming him regarding the sentence he would likely receive following the guilty plea. Specifically, petitioner alleges that his trial counsel promised a lighter sentence for the plea but instructed him not to tell the trial court. According to petitioner, trial counsel further stated that he would not receive more than fifteen years imprisonment.

At his guilty plea hearing, prior to entering his guilty plea, the trial court informed petitioner that the prosecution had withdrawn its recommendation, that the trial court would determine the sentence, that he could not subsequently withdraw his guilty plea, and that the prosecution charged him as a prior and persistent offender, which authorized a sentence of at least 10 years and which could be as much as 30 years to life imprisonment. (Id. at 24-26, 37.)

The appellate court determined that petitioner's counsel's predictions regarding his sentence did not render his sentence involuntary. (Id., Ex. C at 10.) The appellate court also found that petitioner could not have reasonably believed that he would receive a sentence of fifteen years or less due to the statements and admonitions of the court. (Id. at 11.)

Significantly, petitioner has altered the tenor of his allegations in his federal habeas petition from his amended post-conviction relief motion and subsequent appeal. (Compare Doc. 1 at 12-14 with Doc. 10, Ex. A at 103, Ex. B at 20.) Specifically, in his post-conviction relief motion, petitioner stated that "plea counsel was ineffective for misinforming [petitioner] that plea counsel hoped he would receive a sentence of twelve years, but more likely would receive fifteen years. Plea counsel told [petitioner] that even though he was entering a blind plea, [petitioner] was not likely to receive any sentence over fifteen years." (Doc. 10, Ex. A at 103.) However, even assuming that petitioner's counsel performed deficiently by erroneously informing petitioner about his sentencing, which this court does not find or conclude, the information provided by the trial court prior to the entry of the guilty plea substantially mitigates the significance of any such action by his counsel. See Tinajero-Ortiz v. United States, 635 F.3d 1100, 1104 (8th Cir. 2011).

Therefore, petitioner has failed to show a reasonable probability that but for his counsel's actions, he would have insisted on going to trial. In light of the conjectural nature of his counsel's statements and the admonitions of the circuit judge during the plea proceeding, this court concludes that the state courts reasonably applied federal law.

Accordingly, Ground 2 is without merit.

### C. Ground 3

In Ground 3, petitioner alleges that the trial court erred by failing to conduct a proper inquiry regarding his entitlement to represent himself. Petitioner further alleges

that absent this error, he would not have pled guilty but would have gone to trial, and that it rendered his guilty plea unknowing, unintelligent, and involuntary.

The Sixth Amendment guarantees the right to self-representation. Faretta v. California, 422 U.S. 806, 819 (1975). However, "a plea of guilty, knowingly and understandably made, waives all non-jurisdictional defects and defenses and equates with an admission of guilt." United States v. Woodard, 675 F.3d 1147, 1150 (8th Cir. 2012). A guilty plea is knowing and voluntary if petitioner understands the consequences of the guilty plea and the guilty plea is uncoerced. Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993).

The appellate court found that petitioner waived his self-representation claim by pleading guilty. (Doc. 10, Ex. D at 7.) The appellate court considered that during the hearing regarding his motion to proceed pro se, petitioner testified that he found his appointed counsel unsatisfactory, in part, due to her insistence that he proceed to trial rather than plead guilty and that he voiced a similar complaint regarding substitute counsel. (Id. at 7-8; Ex. A at 13-21.) Accordingly, the appellate court further found that even if he had proceeded pro se, he would not have proceeded to trial. (Id., Ex. D at 8.)

Prior to accepting the guilty plea, the court verified that petitioner found his counsel satisfactory and that petitioner understood the nature and factual basis of his charges, his pleading options and associated consequences, and his right to trial and the associated risks and benefits. (Id., Ex. A at 23-33.) Furthermore, the record does not indicate any coercion. Thus, petitioner entered into his guilty plea knowingly and voluntarily.

Therefore, the state courts reasonably applied federal law in determining that petitioner waived his self-representation right.

Accordingly, Ground 3 is without merit.

## D. Ground 4

As stated above in section III, petitioner's Ground 4 is not a ground that this court can consider in this habeas corpus action.

## VII. CONCLUSION

For the reasons stated above, the petition of Derrick Brown for a writ of habeas corpus is denied. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

An appropriate Judgment Order is issued herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 16, 2013.